# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSECO LIFE INSURANCE COMPANY,<br><br>               Plaintiff,<br>     vs.<br>DONNA GOMEZ, BRENDA AHL,<br><br>               Defendants. | CASE NO. 07cv1655 WQH (NLS)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the "Motion of Plaintiff Stakeholder Conseco Life Insurance Company to be Discharged from Liability and Dismissed from the Action." (Doc. # 13).

## Background

On August 21, 2007, Plaintiff-Stakeholder Conseco Life Insurance Company ("Conseco") filed a Complaint for Interpleader, pursuant to 28 U.S.C. § 1335. (Doc. # 1). The Complaint alleges that on or about October 4, 2002, Conseco issued a life insurance policy to Dawn Hawley, which provided a $35,791.00 death benefit that was later increased to $52,450.00. The named beneficiary was Defendant Brenda Ahl ("Ahl"). *Complaint,* ¶ 6. The Complaint alleges that on or about January 10, 2006, Dawn Hawley executed a Declaration of Life Insurance trust, which designated Defendant Donna Gomez ("Gomez") as the recipient of the proceeds of the policy upon her death. *Id.* ¶ 7. The Complaint alleges that Conseco received conflicting claims from Ahl and Gomez, both claiming

entitlement to the policy benefits. *Id.* ¶ 8.  The Complaint alleges that Conseco decided to interplead the policy benefits because it is unable to determine the validity of the conflicting demands made by Ahl and Gomez. *Id.* ¶¶ 9-11.  The Complaint alleges that Ahl and Gomez are of diverse citizenship. *Id.* ¶¶ 3-5.  The Complaint alleges that Conseco is in possession of the policy benefits and that "[c]oncurrently with filing this complaint, [it] is depositing the policy benefits, plus interest with the Clerk of this Court." *Id.* ¶¶ 11, 15.  The Complaint alleges that Conseco "claims no interest in the policy benefits described above." *Id.* ¶ 15.  The Complaint alleges that Conseco "has incurred, and is continuing to incur, and will continue to incur costs and attorneys fees in bringing this action." *Id.* ¶ 16.

On October 29, 2007, Conseco filed the "Motion of Plaintiff Stakeholder Conseco Life Insurance Company to be Discharged from Liability and Dismissed from the Action" ("Motion for Discharge"), pursuant to 28 U.S.C. § 1335.  Conseco moves the Court to discharge it from liability for the death benefits under Dawn Hawley's insurance policy, dismiss it from this interpleader action, and grant its attorney Marc J. Wodin attorneys' fees and costs.  In support of the Motion for Discharge, Conseco submitted the Declaration of its Attorney Marc J. Wodin, who attests that "[o]n August 21, 2007, concurrently with filing the subject complaint, plaintiff deposited $53,721.74 with the Clerk of the Court pursuant to 28 USC § 1335 which amount is the total insurance benefits, plus interest," that Conseco "claims no interest in the" money deposited with the Court, and that Attorney Wodin's "fees, to date, are in the total amount of $2,422.64." *Wodin Declaration,* ¶¶ 3, 6.

Defendant Ahl and Defendant Gomez do not oppose the Motion for Discharge.

## **Applicable Law**

Pursuant to 28 U.S.C. section 1335,

> [t]he district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society . . . having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more . . . if
>
> (1) Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim . . . to be entitled to . . . any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if

> (2) the plaintiff has . . . paid the amount of or the loan or value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court.

When a district court has jurisdiction over an action pursuant to section 1335, the court "shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." 28 U.S.C. § 2361. Once it is determined that an interpleader action is appropriate, the court is entitled to discharge a plaintiff-stakeholder who has no interest in the disputed funds. *See Mendez v. Teachers Ins. & Annuity Ass'n and College Retirement Equities Fund,* 982 F.2d 783, 787 (2d Cir. 1992) (accord *Valley Forge Life Insurance Company v. Dena Hulse,* 2007 U.S. Dist. LEXIS 52061 (N.D. Cal., July 6, 2007)).

Courts have discretion to award attorney's fees to a disinterested plaintiff-stakeholder in an interpleader action. *Schirmer Stevedoring Co., Ltd. v. Seabord Stevedoring Corp.,* 306 F.2d 188, 194 (9th Cir. 1962). The reasons for allowing attorney fees to interpleading plaintiff-stakeholders are "that the plaintiff has benefitted the claimants by promoting early litigation on ownership of the fund, thus preventing dissipation, . . . and that the plaintiff should not have to pay attorney fees in order to guard himself against the harassment of multiple litigation." *Id.* at 193. Attorney fees may be denied to the plaintiff "when he has some interest in the outcome" of the interpleader action. *Id.*

Courts have discretion to award costs to the plaintiff-stakeholder in an interpleader action. *Gelegren v. Republic National Life Insurance Company,* 680 F.2d 79, 81 (9th Cir. 1982). Costs "should not be assessed against a stakeholder, at least where the stakeholder has not been dilatory or otherwise guilty of bad faith." *Id.*

### Ruling of the Court

This is an appropriate interpleader action under section 1335 because Defendants Ahl and Gomez are diverse, the value of the insurance policy issued by Conseco exceeds $500, and the amount of the insurance policy has been deposited with the Clerk of the Court. *See* 28 U.S.C. § 1335. Conseco has also demonstrated that it claims no interest in

the insurance policy. *See Wodin Declaration ¶ 2.* The Court concludes that Conseco is entitled to discharge from liability because this is an appropriate interpleader action and Conseco is a disinterested stakeholder. *See Mendez,* 982 F.2d at 787. The Court also concludes that Conseco, as a disinterested stakeholder, is entitled to attorney's fees and costs. *See Schirmer Stevedoring Co., Ltd.,* 306 F.2d at 194.

IT IS HEREBY ORDERED that the "Motion of Plaintiff Stakeholder Conseco Life Insurance Company to be Discharged from Liability and Dismissed from the Action" (Doc. # 13) is **GRANTED.** Conseco Life Insurance Company is fully discharged from liability in this action and entitled to attorney's fees and costs in the amount of $2,422.64, payable from the funds deposited with the Clerk of the Court. The Court orders the Clerk of the Court to disburse $2,422.64 from the interest bearing account to Marc. J Wodin at the following address:

> Marc J. Wodin
> Law Offices of Marc J. Wodin
> 21600 Oxnard Street
> Suite 1110
> Woodland Hills, CA 91367

DATED: January 15, 2008

**WILLIAM Q. HAYES**
United States District Judge